# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-19-309 |
| | § | |
| MAURICIO GARCIA-SALINAS | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Mauricio Garcia-Salinas, proceeding *pro se*, filed a motion for reduction in sentence ("RIS") and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 18.)  The Government filed a response in opposition.  (Docket Entry No. 19.)

Having considered the motion, the response, the record, and the applicable law, the Court DENIES the motion for the reasons shown below.

### *Background*

Defendant is a 45-year-old male currently confined at FMC Fort Worth, a Federal Bureau of Prisons ("BOP") medical facility located in Fort Worth, Texas.  Defendant is a citizen of Mexico illegally residing in the United States.  The Court sentenced defendant on August 5, 2019, to a total of 168 months confinement following his conviction for conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, and 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841 (b)(1)(A)(ii), (b)(1)(B)(i) and 846.   The Court also entered a money judgment against him in excess of $1 million.  Final judgment was

entered on August 6, 2019, and no direct appeal was taken.  The BOP currently reports defendant's anticipated release date as July 15, 2029.

In support of his motion, defendant claims to have debilitating medical conditions, including type 2 diabetes, back pain, a chronic foot sore, and "anema #5." (Docket Entry No. 18,  p. 4.)  He states that he is at risk for contracting a COVID-19 infection and is unable to take care of himself.  He asks the Court to reduce his sentence to time served so he may return home in Houston for proper medical care.

### *Legal Standard*

Defendant brings his motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances.  Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted his administrative rights.  18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  *Id.  See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  The

district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision." *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody. *See* U.S.S.G. § 1B1.13. This Court will refer to the Sentencing Commission's policy statement for guidance, without deciding whether it is binding in this context. The relevant policy statement outlines four categories of circumstances that may constitute extraordinary and compelling reasons for a sentence reduction:

(1)  the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;

(2)  the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;

(3)  family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or

(4)  other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

U.S.S.G. § 1B1.13, Application Note 1. A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in his case.

Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the

3

defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner.  18 U.S.C. § 3553(a).  The policy statement also recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]"  U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

### *ICE Detainer*

Defendant's PSR indicates that he is a citizen of Mexico and an undocumented alien unlawfully in the United States.  The Bureau of Immigration and Customs Enforcement

4

(ICE) has a detainer lodged against him, which apparently remains active.  Consequently, if this Court were to grant defendant's motion, it would order his immediate release to ICE custody to await removal proceedings.  The Court is not convinced that this would provide a "compassionate release," as COVID-19 conditions in ICE custody would not necessarily offer an improvement over COVID-19 conditions in BOP custody.  Defendant presents nothing to the contrary.  Indeed, inasmuch as he is requesting a reduction in his sentence to time served so he may return to his home in Houston, Texas, defendant does not indicate that he would request a compassionate release if it entailed his immediate transfer to ICE custody. This Court declines to make that decision for him.

### Exhaustion

The Government does not contest defendant's allegations that he exhausted his administrative remedies prior to filing the instant motion.

Accordingly, the Court finds that defendant exhausted his administrative remedies for purposes of his pending motion for RIS/compassionate release.

### Extraordinary and Compelling Reasons

"Extraordinary and compelling" reasons warranting a reduction in a defendant's sentence can be found if he has an underlying medical condition rendering him particularly susceptible to contracting COVID-19.  Defendant states here that he is medically vulnerable to COVID-19 because he has the following medical conditions:  type 2 diabetes, back pain, an chronic foot sore that requires his use of crutches, "anema #5," polyneuropathy,

5

hypoglycemia, and phantom limb syndrome.  Defendant's PSR shows that he is diabetic and takes insulin twice a day.

On June 25, 2020, the Centers for Disease Control ("CDC") provided new guidance on what conditions put a person at a greater risk for severe illness from COVID-19.[1]  The CDC reports states that[2]

> People of any age with the following conditions **are at increased risk** of severe illness from COVID-19:
>
> Chronic kidney disease
>
> COPD (chronic obstructive pulmonary disease)
>
> Immunocompromised state (weakened immune system) from solid organ transplant
>
> Obesity (body mass index [BMI] of 30 or higher)
>
> Serious heart conditions, such as heart failure, coronary artery disease, or cardiomyopathies
>
> Sickle cell disease (a hemoglobin disorder)
>
> *Type 2 diabetes mellitus*

---

[1] *See* CDC, *People who are at an Increased Risk for Severe Illness*, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 15, 2020).

[2] *See* CDC, People of Any Age: *Summary of Recent Changes*, updated 6/25/20, at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited July 15, 2020) (original boldface, emphasis added).

Based on what we know at this time, people with the following conditions **might be at an increased risk** for severe illness from COVID-19:

Asthma (moderate-to-severe)

Cerebrovascular disease

Cystic fibrosis

Hypertension or high blood pressure

Immunocompromised state (weakened immune system) from blood or bone marrow transplant, immune deficiencies, HIV, use of corticosteroids, or use of other immune weakening medicines

Neurologic conditions, such as dementia

Liver disease

Pregnancy

Pulmonary fibrosis

Smoking

Thalassemia (a hemoglobin disorder)

Type 1 diabetes mellitus

Defendant has not provided the Court with copies of any medical records establishing his medical conditions, their severity and current treatment, or his professed inability to provide self care or function as a "normal person." Although defendant's PSR indicates that he takes insulin twice a day for diabetes and had a toe surgically removed at some point, no other medical conditions appear in the record for purposes of this motion. Defendant does not state that the BOP has been unable to control his diabetes through medical treatment.

7

The current CDC guidelines report that Type 2 diabetes presents an increased risk of severe illness from COVID-19. However, merely being at higher risk for serious complications from COVID-19 is not, by itself, sufficient for the Court to find the requisite extraordinary and compelling reasons for compassionate release. That is, not every prisoner at higher risk for serious complications from COVID-19 is entitled to immediate release from incarceration. Defendant here does not show that his underlying medical condition substantially diminishes his ability to provide self-care in a correctional environment, or that the BOP is unable to meet his medical needs. Although defendant expresses dissatisfaction with his present prison medical care, he has not submitted medical records showing an actual deficiency in his medical care, nor does he provide any support for his allegation that he is unable to care for himself in prison. Defendant claims not to function as a "normal person," but proffers no explanation or support for such a claim. Significantly, he does not contend or show that the BOP is unable to meet his medical needs as to his diabetes. Defendant further states that he currently uses crutches to help him ambulate, but nothing in the record establishes why he is using crutches, how long he will need to use crutches, or that the crutches leave him unable to care for himself.

Although defendant may have legitimate concerns regarding COVID-19, he does not establish that the BOP cannot manage an outbreak within his correctional facility or that the facility is specifically unable to treat him, if he were to contract the virus and develop COVID-19 symptoms, while incarcerated. This is particularly true in light of the fact that

he is currently confined at a BOP medical facility.  Defendant does not meet his threshold burden of establishing extraordinary and compelling reasons for a compassionate release from incarceration.

Consideration of the relevant sentencing factors under section 3553(a) additionally weigh against granting relief in this case, as follows.

### *Sentencing Considerations*

The Court must consider whether reducing defendant's sentence to time served would "promote respect for the law, provide just punishment, [and] afford adequate deterrence" under section 3553(a).  The parties have not addressed these issues in their respective pleadings.  Nevertheless, the Court's review of the record in this case shows that the section 3553(a) factors weigh heavily against the granting of relief.

The evidence against defendant, and the information set out in the PSR, show that defendant was a manager or supervisor in an organization that trafficked in cocaine, heroin, and bulk cash smuggling.  He stipulated to being a manager or supervisor in the enterprise, and that he trafficked between 150 and 450 kilograms of cocaine.  He was directly responsible for the distribution of heroin and cocaine from Texas though Georgia, Maryland, North Carolina and Florida, and was arrested following a lengthy multi-jurisdictional investigation by federal agents.

The PSR further shows that defendant has a lengthy criminal history, including convictions for theft (1996), sexual assault of a child (2001), and possession of a controlled

9

substance, namely cocaine (2011).  He also has six prior arrests and/or detentions for illegal entry into the United States, with ensuing deportations.  Defendant has no formal education, no specialized training or skills, and only a limited understanding of the English language. He seeks to return to his wife in Houston, who reportedly accompanied him on his drug-related activities and travels.

The parties agree that defendant has served approximately 3 years of his 14-year sentence, which is approximately 21% of his sentence.  This short period of incarceration is inadequate to "promote respect for the law, provide just punishment, [and] afford adequate deterrence" in defendant's case, given the duration and depth of his involvement in the criminal activity.  Defendant argues nothing to the contrary, and he fails to meet his burden of proof to show that a RIS and/or compassionate release in his case would comply with the goals of section 3553(a).

The Court concludes that, in light of these circumstances, a sentence reduction to time served would not adequately reflect the seriousness of Defendant's criminal offense, promote respect for the law, or provide just punishment.  18 U.S.C. § 3553(a)(2)(A).

The Court has also given consideration to the requirement of Sentencing Guideline § 1B1.13(2), which authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."  Given that any relief granted by this Court would include an order for defendant's immediate

release to ICE custody, the Court finds that defendant would not be a danger to the safety of any other person or the community if a compassionate release were granted.

### *Conclusion*

For the reasons set forth above, the Court DENIES defendant's motion for RIS/compassionate release (Docket Entry No. 18).

Signed at Houston, Texas on July 29, 2020.

Gray H. Miller
Senior United States District Judge